IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73519-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JASON LARONE THOMAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 26, 2016 |
| | ) | |

2016 SEP 26 AM 9: 52

BECKER, J. — Because our Supreme Court has instructed that WPIC 4.01 be used to inform the jury on reasonable doubt, the trial court did not err in giving this instruction. The community custody statute, RCW 9.94A.701, is not ambiguous. We affirm and grant Thomas's request not to impose appellate costs.

FACTS

On November 19, 2014, Jason Thomas attacked his employer with a metal bar. The State charged him with second degree assault, and the jury found him guilty as charged. Thomas appeals.

WASHINGTON PATTERN JURY INSTRUCTION 4.01 (WPIC)

At Thomas's trial, the court gave the standard reasonable doubt instruction, WPIC 4.01. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 27 (3d ed. Supp. 2014-15). This instruction

reads, in relevant part, "A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence." Thomas did not object. The State argues that because Thomas did not object, he cannot raise this error for the first time on appeal. In any event, the trial court did not err in giving this instruction. In State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007), our Supreme Court instructed that WPIC 4.01 be given. The propriety of this instruction was reaffirmed in State v. Kalebaugh, 183 Wn.2d 578, 585-86, 355 P.3d 253 (2015). We have recognized this controlling authority. State v. Lizarraga, 191 Wn. App. 530, 364 P.3d 810 (2015), review denied, 185 Wn.2d 1022 (2016). The trial court did not err by doing the same.

## COMMUNITY CUSTODY STATUTE

Thomas contends that the community custody statute, RCW 9.94A.701, is ambiguous as to the length of the community custody term for assault in the second degree because that crime is both a "violent offense" requiring 18 months of community custody under RCW 9.94A.701(2), as well as a "crime against persons" requiring 12 months of community custody under RCW 9A.94A.701(3)(a). We recently held that this statute is not ambiguous. State v. Hood, No. 73401-6-I (Wash. Ct. App. Sept. 26, 2016). Hood controls.

## APPELLATE COSTS

In his opening brief, Thomas asks us not to impose appellate costs in the event that the State prevails on appeal and seeks costs. The State does not respond. Under RCW 10.73.160(1), this court has discretion to decline to impose appellate costs on appeal. State v. Sinclair, 192 Wn. App. 380, 385, 388,

2

367 P.3d 612 (2016). In light of Thomas's indigent status, our presumption under RAP 15.2(f) that he remains indigent "throughout the review" unless the trial court finds that his financial situation has improved, and the State's failure to respond, we exercise our discretion not to impose appellate costs.

STATEMENT OF ADDITIONAL GROUNDS

Thomas claims that the jury instructions and special verdict form did not properly define the requisite level of harm to find that "the victim's injuries substantially exceed the level of bodily harm necessary to satisfy the elements of the offense." RCW 9.94A.535(3)(y). To satisfy the elements of second degree assault, "substantial bodily harm" is the necessary level of harm. RCW 9A.36.021. The jury instructions and the special verdict form use "substantial bodily harm." This argument does not warrant review.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, ACJ

Cox, J.